UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**LASHONDA BAILEY,**

   Plaintiff,

v.                                     No. 4:23-CV-00239-P

**FAMILY DOLLAR STORES OF TEXAS, LLC,**

   Defendant.

# ORDER

This simple slip-and-fall dispute arises out of a Plaintiff falling in a Family Dollar Store in Tarrant County. ECF No. 1. Cases like this one are decided every day in our Texas state courts.[1] But the dockets of Texas federal courts have become increasingly clogged and stalled by the removal of this type of case over the past several years. Though this Court is required to handle this type of case where diversity jurisdiction is made clear, Defendant has failed to establish complete diversity despite being given a chance to do so by failing to comply with a direct order to clarify discrepancies its notice of removal. *See* ECF No. 5.

The Court concludes that it lacks jurisdiction and must **REMAND** this case.

### A. Undisputed Background

Defendant filed a notice of removal with this Court on March 3, 2023. ECF No. 1. After reviewing the notice, this Court issued an order highlighting many problems with the notice that made the complete diversity of citizenship between the parties wholly unclear. *See* ECF No. 5.

---

[1] Having been a trial judge on a district court in Tarrant County and a justice on the Second Texas Court of Appeals, the undersigned can attest that the judges, justices, and juries in Texas are well-equipped to resolve this dispute in a timely and fair manner.

*First* Defendant was ordered to clarify the citizenship of the ten individual members of Defendant as it seemed unlikely that "all ten of the individual members reside at the corporate headquarters of Family Dollar Stores of Texas located in Chesapeake, Virginia." ECF No 5. *Second*, the Court ordered Defendant to clarify whether Plaintiff is a citizen of Texas or Louisiana as the Notice of Removal stated that she was a citizen of both states—a factual impossibility. *See* ECF Nos. 1, 5.

Defendant was ordered to resolve both jurisdictional issues on or before March 13, 2023. ECF No. 5 at 2. As of the date of this order, Defendant has failed to comply with the order and has not requested any extension of time to do so.

### B. This Court Lacks Diversity Jurisdiction.

For diversity jurisdiction to exist, all parties must be completely diverse. 28 U.S.C. § 1332(a); *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted). This means that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin*, 376 F.3d at 353 (citation omitted). Federal courts "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). With this presumption against jurisdiction, the removal statute is to be "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007) (cleaned up).

Here, the notice of removal did not conclusively establish diversity jurisdiction. As such, the Court "presumed the [the] suit [was] outside of [its] limited jurisdiction." *Howery*, 243 F.3d at 916. Having failed to establish jurisdiction conclusively, the Court gave Defendant a chance to clarify the basis for removal and issued an order instructing Defendant how to resolve the ambiguity. ECF No. 5. Defendant failed to resolve the ambiguity in direct violation of the Court's order. Thus, the Court must "resolve any doubt about the propriety of removal in favor of remand." *Gasch*, 491 F.3d at 281–82 (cleaned up).

Accordingly, the Court herby **ORDERS** that this case is **REMANDED** to County Court at Law No. 1 of Tarrant County, Texas.

The Clerk of this Court is **INSTRUCTED** to mail a certified copy of this Order to the County Court at Law No. 1 of Tarrant County, Texas.

**SO ORDERED** on this **15th day of March 2023.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE